# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 19-cv-265<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

1

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Civil Rights Division (CRT) is a component of DOJ. DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On October 4, 2018, American Oversight submitted a FOIA request to CRT at DOJ seeking the external sent email communications of then-Acting Assistant Attorney General for Civil Rights John Gore. Specifically, the request sought:

> All email communications between 1) John Gore (currently Acting Assistant Attorney General, formerly Deputy Assistant Attorney General), and 2) any email addresses ending in .com/.net/.org/.edu/.mail.

>American Oversight seeks all records from January 20, 2017, to the date of the search.
>
>In an effort to accommodate the Department of Justice and reduce the number of potentially responsive records, American Oversight agrees that the search for responsive email communications may be limited to emails sent by Mr. Gore. Despite this search accommodation, American Oversight still requests that complete email chains be produced, displaying both sent and received messages.

8. American Oversight's request also sought a fee waiver.

9. By form letter dated October 11, 2018, and sent by email that day, CRT acknowledged receipt of American Oversight's request, assigned the request tracking number 19-00009-F, indicated that American Oversight's request presented "unusual circumstances" under U.S.C. 552 § (a)(6)(B)(i)-(iii) and stated that CRT was "extending the time limit to respond to your request beyond the ten additional days provided by the statute."

10. By acknowledgement letter dated November 9, 2018, and received as physical mail on November 21, 2018, by American Oversight, CRT stated that American Oversight's request presented "unusual circumstances" and denied American Oversight's request for a fee waiver.

11. On December 18, 2018, American Oversight appealed CRT's denial of American Oversight's fee waiver request to DOJ's Office of Information Policy (OIP). American Oversight has not received a response to or determination regarding its appeal.

12. American Oversight has not received any further communications from DOJ regarding its FOIA request.

*Exhaustion of Administrative Remedies*

13. As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding its FOIA request, including the scope of any responsive records

DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

14. Through DOJ's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

15. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

16. American Oversight properly requested records within the possession, custody, and control of DOJ.

17. DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

18. DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

19. DOJ's failure to conduct adequate searches for responsive records violates FOIA and DOJ regulations.

20. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

21. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. American Oversight properly requested records within the possession, custody, and control of DOJ.

23. DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

24. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

25. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

26. DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

27. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: January 31, 2019

Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
sara.creighton@americanoversight.org

*Counsel for Plaintiff*